The majority in this case has held that appellant cannot recover for her injury because she has not met her burden of demonstrating that appellee's conduct was intentional, that is, that the push was intended to cause injury in a way not authorized or anticipated by the customs of the game. In light of the facts of this case and the Ohio Supreme Court's decision in Marchetti v. Kalish (1990),53 Ohio St.3d 95, I am unable to agree with this holding.
The majority's analysis of the case focuses mainly on appellee's alleged intentional misconduct while referring to recklessness in passing. In Marchetti, the supreme court clearly and unequivocally held that "where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless'or `intentional' * * *." Id. at 100 (emphasis added). The supreme court differentiated intentional misconduct and recklessness as follows:
 Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or expects that his conduct will prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results.
Id. at fn. 3, quoting Restatement of the Law 2d, Torts (1965) 590, Section 500, Comment f.
In the case at bar, appellee was penalized for two minutes as a result of pushing appellant. While the majority acknowledges that appellee's push from behind was intended, it, however, denies recovery for appellant's injury on the ground she failed to prove the push was intended to cause injury. Such intent to cause harm is not an element of recklessness. Rather, it is enough that there exists a strong probability that harm may result. Because the parties were playing in an indoor soccer facility with an artificial turf surface, I believe such probability existed. As a result, I believe there is a genuine issue of material fact as to whether appellee's push constituted reckless misconduct. I therefore dissent and would remand the case to the trial court for a jury trial.